Milligan, J.,
delivered the opinion of the Court.
This action is debt, brought in the Circuit Court of Knox County, against the Ocoee Bank, to enforce 'the *53 collection of $8,000, of the notes or bills of which the bank had heretofore issued and circulated as money.
There were verdict and judgment against the defendant below, and an appeal, in error, prosecuted to this Court.
Two questions arise in the record, and are presented in argument, for our determination.
1st. The sufficiency of the protest.
2d. The power of the Circuit Judge to correct the judgment of Court, after the rendition of the verdict, and the discharge of the jury.
1. The Ocoee Bank was incorporated in 1854; and by the 10th article of the charter, among other tilings, it is provided, that the “bills or notes which may be issued by order of said corporation, signed by the President and countersigned by the Cashier thereof, promising the payment of money to any person or persons, his, her, or their order, or the bearer, though not under the seal of said corporation, shall be binding and obligatory upon the same in like manner, and with like effect, as foreign bills of exchange now are; and those payable to bearer shall be negotiable and transferable by delivery thereof only; and all bills and notes, whether under seal or otherwise, at any time discounted by said corporation, shall be, and they are hereby placed on the same footing of foreign bills of exchange, so that the like remedy shall be had for the' recovery thereof against the drawer or drawers, endorser or endorsers, and with like effect, except so far as relates to damages, any law, usage, or custom to the. contrary notwithstanding.”
Prom this provision in the Act of incorporation, it is apparent that the bills or notes of the bank are placed *54 on the same footing of foreign bills of exchange; and the same steps to fix the liability of the parties, are required in the one case, that are in the other. Presentation and demand of payment, with protest, on refusal, are essential to charge the bank on its own issues; and a suit against the corporation, on its own bills or notes, cannot be maintained without these prerequisites. What, then, is a valid protest of a foreign bill of exchange? “Protest (Story on Bills, sec. 276,). is a solemn declaration of the holder, against any loss to be sustained by the non-acceptance or non-payment of the bill;” and in a more popular sense, it includes all the steps, after the dishonor of negotiable paper, necessary to charge a party to it. The formal execution of this act by a Notary duly authorized thereto, is of such general character, as an instrument of evidence, that the Courts of all countries give credit to the facts stated in the certificate: Chitty on Bills, 455. And this Court has said, in the case of Gardner vs. The Bank of Tennessee, (1 Swan, 420,) the material fact which dishonors a bill, is its nonpayment; and it should, therefore, appear in the protest that payment had been properly demanded. The time and place of presentation for acceptance or payment, the demand and refusal, and the reason assigned, if any, are facts that, in general, should appear in the protest, as being essential to its validity, of which it is the appropriate and exclusive evidence. The proof, as contained in the protest of a foreign bill, cannot be supplied ah unde, and superseded by another mode of proof, as by witnesses, or otherwise. Does the protest, in this case, conform to these requirements? The objection raised to it is with reference to the place where, and the person upon whom, the demand of payment, was made.
*55 The record shows that the principal Bank was located at Cleveland, and a branch at Knoxville. The notes of the Bank were made payable at both places — some at the banking house at Cleveland, and others at the branch Bank at Knoxville. Both houses, as regular banking houses, had been closed since September, 1868,; but a part of their assets were still in the vaults of the banking houses, and occasionally a clerk, or other officer of the Bank, was present at both places.
There are two protests — one at each place. The Notary shows, in the protest, that the bills or notes of which he demanded payment, at the banking house in Knoxville, were made payable at that place; and after presentation, between the hours of 10 o’clock, a. m., and 12, M., “he found there no officer to represent the Bank,” whereupon the notes were protested for non-payment. A similar presentation of the notes payable at the banking house at Cleveland, was made, as appears in the protest itself, and the Notary was answered that “none of the several bills or notes, would be paid.”
It is objected, that these protests are not sufficient to to charge the Bank; that they do not show due diligence to ascertain where the President or Cashier of the Bank could be found, so as to make a personal demand upon one or both of them. We do not think this necessary in this case. The demand was made where the bills or notes were payabíb, and it was the duty of the Bank to have some one present to respond to it. The law is settled, that where a place of payment is stated on the face of the bill, as at a Bank, it will be sufficient to present the bill for payment at the place specified, and if no one can be found there, the protest may be made without demand, *56 or further inquiry: Union Bank vs. Jeptha Eoulks et als., 2 Sneed, 555; Gardner vs. The Bank of Tennessee, 1 Swan, 420.
But this rule does not apply in cases of bills at large, when no place of payment is specified on the face of the bill. In such cases, if the party cannot be found at his usual place of residence or business, and the same be closed or discontinued, further inquiry is necessary, to ascertain whether he has abandoned the State, (which will excuse demand,) or removed to some other place within the same State, where, with reasonable diligence, he could be found in sufficient time to make demand at that place.
On the' whole state of the facts, we think the protests are sufficient, and valid.
2. As to the second error insisted on by the defendant's counsel — that the Circuit Judge was not authorized to amend the judgment, after the rendition of the verdict and discharge of the jury — we apprehend there can be no serious difficulty arising on that account. Under the broad and ample provision in sections 2877, 2878 and 2879, of the Code, every error apparent on the face of the record, whether it be clerical, a mistake in the calculation of interest, or other mistake or omission, in the judgment or decree, may be corrected from the record, papers in the cause, or entries of the presiding Judge. In this case, the correction was made before the cause was finally disposed of, and while the parties were, in contemplation of law, before the Court. The motion to correct the error was made on the 22d of February, 1865, and the defendant, two days thereafter, moved the Court for a new trial, which, being overruled, he prayed an appeal to this Court.
*57 ' The presumption is, that the presiding Judge, who made the correction, did his duty; and no error in the corrected judgment being here indicated, in argument, we affirm the judgment of the Circuit Court.